**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Noel ALVARADO, Defendant—
Appellant.**

**No. 05–50725.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Dec. 4, 2006.

Randy K. Jones, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Chase Scolnick, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Jose Noel Alvarado appeals his jury conviction and sentence for importation of marijuana in violation of 21 U.S.C. §§ 952, 960, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Alvarado asserts that the government engaged in prosecutorial misconduct and that the district court committed several prejudicial errors during trial. "In some cases, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996). Here, we find that the cumulative effect of the errors was prejudicial. Accordingly, we reverse.

Alvarado contends that the district court erred in denying his motion to sup-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

press statements made to U.S. Immigration and Customs Enforcement agents when he claimed to have requested an attorney. The district court held an evidentiary hearing on whether Alvarado had waived his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and made a factual finding that Alvarado had knowingly and voluntarily waived his *Miranda* rights. At the hearing, Alvarado presented no evidence other than his vague assertions in a declaration claiming that he had asked an unidentified person for an attorney prior to the interrogation. In contrast, the government presented substantial evidence that Alvarado waived his rights, including the testimony of the two interviewing agents that Alvarado waived his right to a lawyer during the interview and a *Miranda* waiver form in Spanish (Alvarado's native language) containing Alvarado's initials next to each rights advisory and his signature on the general rights waiver. Thus, the district court's finding was not clearly erroneous and Alvarado's claim is rejected.

■ Alvarado argues that the district court erred in allowing the Immigration and Customs agent to testify as an expert witness. The government improperly asked the agent on rebuttal, "in your experience, is it unusual for a person you suspect of smuggling drugs to initially deny but later change their story and admit knowledge of the drugs in the vehicle?" The agent replied, "[i]t's absolutely not uncommon for it to go from initial denial to admitting what happened." *See United States v. Figueroa–Lopez,* 125 F.3d 1241, 1244 (9th Cir.1997) (holding it was abuse of discretion to admit government testimony about whether defendant's actions were "consistent with those of an experienced drug trafficker" where the agent had not been qualified as an expert witness). Pri-

or to admitting such testimony, the agent's testimony should have been noticed as expert testimony and the witness properly qualified as "having the knowledge, experience, training, or education" of an expert witness. *Id.* at 1245. Thus, the district court erred by admitting the agent's testimony.

■ The district court also erred by improperly admitting evidence of Alvarado's financial circumstances, including multiple elicitations of his employment status, his mother's medical expenses, and child support obligations. To admit evidence of financial circumstances we require "more than the mere fact that the defendant is poor." *United States v. Jackson,* 882 F.2d 1444, 1449–50 (9th Cir.1989). In this case, the evidence did not show sufficient "desperation" or "specific and immediate financial need" to justify admission under established precedent. *United States v. Mitchell,* 172 F.3d 1104, 1110 (9th Cir. 1999), *United States v. Bensimon,* 172 F.3d 1121, 1129 (9th Cir.1999). Instead, the government introduced evidence of poverty to prove Alvarado's mere motive to commit the crime at issue, and emphasized the poverty-as-motive theme several times in closing argument. Other evidence in the record demonstrated that Alvarado had other sources of income as a musician, that his siblings were contributing to his mother's hospital bills. There also was no evidence that Alvarado was not meeting his financial obligations. Therefore, the district court erred in admitting the evidence of Alvarado's poverty, without more, to prove motive. *See Mitchell,* 172 F.3d at 1109–10; *Bensimon,* 172 F.3d at 1129.

■ The district court also erred in allowing the government to elicit Alvarado's knowledge of other people "who you would never think would be involved in a drug smuggling venture" being found guilty of

drug smuggling. Although the district court properly sustained the defense's objection to the fourth question on this subject, the evidence it allowed in was both irrelevant and prejudicial.

■ The district court also erred by allowing the government to ask Alvarado whether a government witness was "mistaken" in his testimony. We have held that questions requiring defendants to offer opinions regarding the veracity of government witnesses are improper. *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir.2002); *United States v. Sanchez*, 176 F.3d 1214, 1219–21 (9th Cir.1999).

■ Here, where "there are a number of errors at trial, 'a balkanized, issue-by-issue harmless error review' is far less effective than analyzing the overall effect of all the errors in the context of the evidence introduced at trial against the defendant." *Frederick*, 78 F.3d at 1381 (quoting *United States v. Wallace*, 848 F.2d 1464, 1476 (9th Cir.1988)). "We must reverse unless there is a 'fair assurance' of harmlessness or, stated otherwise, unless it is more probable than not that the error[s] did not materially affect the verdict." *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir.1997) (quoting *United States v. Crosby*, 75 F.3d 1343, 1349 (9th Cir.1996)).

Here, the only contested issue at trial was Alvarado's knowledge of the marijuana in the vehicle. The government relied on Alvarado's denial, and then subsequent confession after interrogation. Alvarado maintained that he only confessed to end the interrogation. The district court committed multiple errors including improperly admitting the following evidence: testimony that was neither noticed as expert testimony nor qualified as expert testimony, evidence of Alvarado's financial circumstances, and questioning as to Alvarado's belief in the veracity of another witness.

Because Alvarado's credibility was central to his defense that he lacked knowledge of the presence of the marijuana in the van, when examined cumulatively, we cannot say it was more probable than not that Alvarado would have been convicted had this improper evidence not been presented to the jury. Thus, the cumulative effect of multiple errors resulted in unfair prejudice to the defendant and requires reversal.

REVERSED.

HALL, Senior Circuit Judge, dissenting:

I respectfully dissent from the majority's holding reversing the district court. There was only one error that occurred in this case, and it was harmless.

I.

The district court did not err by allowing the government to solicit the agent's opinion regarding the credibility and guilt of Alvarado. Though the questioning may have elicited improper expert testimony, the subject matter of the questioning was relevant to issues the defense had raised in opening argument: that the agents called Alvarado a liar to bully him into confessing. The defense "opened the door" to the question of whether and why government agents said they did not believe Alvarado, and so it was not improper for the court to allow rebuttal testimony. *United States v. Beck*, 418 F.3d 1008, 1016 (9th Cir.2005).

Although the agent in this case may have presented opinions on habit and behavior, and as such should have been properly qualified "as having the knowledge, experience, training, or education" to serve as an expert witness, *United States v. Figueroa–Lopez*, 125 F.3d 1241, 1245, any error was harmless. Even though the agent was not subjected to formal qualifying procedures, he did, in fact, have extensive experience, which was introduced into the record:

Q: In your experience, I think counsel went over the fact that you've had hundreds of cases involving smuggling and things of that nature, you're an experienced agent?

A: Yes, sir.

Q: So my question is, in your experience, is it unusual for a person you suspect of smuggling drugs to initially deny but later change their story and admit knowledge of the drugs in the vehicle?

[defense counsel]: Objection, your honor, structure.

The court: Overruled.

A: It's absolutely not uncommon for it to go from initial denial to admitting to what happened.

[defense counsel]: In addition, calls for expert testimony, Rule 16, move to strike.

Given his experience, the agent was likely qualified to give "an expert opinion on *modus operandi,*" *Figueroa,* 125 F.3d at 1247 (quoting *United States v. Maher,* 645 F.2d 780 (9th Cir.1981)). It is far from clear that the verdict would have been different had the government complied with the evidentiary rules. *See Figueroa,* 125 F.3d at 1247.

## II.

The district court did not err in allowing the government to elicit and argue evidence of poverty, because the admitted evidence tended to show desperation, not mere poverty, and thus its probative value outweighed the possibility of prejudice. In determining whether a district court erred in admitting evidence of a defendant's poverty, "it is necessary to consider the facts of the particular case." *United States v. Mitchell,* 172 F.3d 1104, 1108 (9th Cir. 1999). Thus, no blanket rule applies, but evidence of poverty offered for motive must generally demonstrate "more than

the mere fact that the defendant is poor." *United States v. Jackson,* 882 F.2d 1444, 1449 (9th Cir.1989). Poverty evidence must show either an abrupt shift in circumstances for the better (such as a sudden wealth of quarters the day after a laundromat robbery), or desperation (such as a sudden necessity to pay off massive debts). *Mitchell,* 172 F.3d at 1108.

Here the government's evidence tended to show desperation, not the mere fact of poverty. The evidence tended to show Alvarado was "squeezed, not just poor." *Mitchell,* 172 F.3d at 1109. Evidence was introduced that tended to show Alvarado had *new* hospital bills to pay for his mother, and that he had *recently* become unemployed. This evidence shows a sudden need, and is thus probative of desperation. Furthermore, unlike in cases such as *Mitchell* where evidence was introduced of the defendant's poverty as a general matter, the evidence here was specific and context-bound, without touching on Alvarado's general financial circumstances. As such, the district court did not abuse its discretion in admitting the evidence.

## III.

It was not an abuse of discretion for the district court to overrule the defense's objection, based on Federal Rule of Evidence 403, to certain government questions relating to individuals on television.

You hear stories all the time about people, who you wouldn't even think would drive drugs across the border, were caught bringing drugs across the border.

. . .

You've heard of that, living in this country for 25 years.

. . .

I'm sure you've heard, in a lot of those cases, where people admit that they did it.

. . .

You're aware that people who are caught—these people who you would never think would be involved in a drug smuggling venture, have been found guilty of that, correct?

This line of questioning resulted in only one answer by Alvarado, "yes," to the second of the questions above. After the fourth question, the district court sustained the defense's objection.

It was not an abuse of discretion for the district court to overrule the defense's objections based on Federal Rule of Evidence 403. Rule 403 allows the trial judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." In this case, the evidence admitted was a single admission by Alvarado that he, after living in the United States for 25 years, had heard of seemingly innocent individuals who were caught driving drugs across the border. It is highly unlikely that this evidence resulted in unfair prejudice.

### IV.

The government did not engage in misconduct by asking Alvarado whether the government agent witness was "mistaken" with respect to the translation of certain forms:

Q: So when Agent Ballard testified that he read it to you in Spanish, was he just mistaken?

[defense counsel]: Objection, your honor.

The Court: overruled.

A: Well, I don't know, I don't recall if he read it in Spanish.

This court has held that questions requiring defendants to offer opinions regarding the veracity of government witnesses are improper. *United States v. Sanchez*, 176 F.3d 1214, 1219–21 (9th Cir. 1999). It is likely that while government questioning requiring the defendant to respond whether a witness is a *liar* is im-

proper, questions requiring an evaluation of whether the witness is *mistaken* are permissible. However, even if the questioning was error, it occurred only once, and with respect to a minor issue not central to the outcome of the case. The question of whether the notes of Alvarado's interrogation were translated could not have been dispositive on the outcome of the trial.

While the panel rejects "balkanized, issue-by-issue harmless error review," such analysis is necessary to determine where the district court has erred in the first place. Here, the court committed only one error—allowing in unqualified expert testimony—and committed no harm when it did so.

For the foregoing reasons, I must respectfully dissent.